**In re CLAVIS SMITH BUILDING, INC., Debtor.**

**Bankruptcy No. 89–24943–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

March 16, 1990.

Carolyn L. Camardo, Marcus, Santoro & Kozak, Portsmouth, Va., for debtor.

Robin Tolerton, Tolerton and Brown, P.C., Norfolk, Va., Steven J. Marsey, Glasser & Macon, P.C., Chesapeake, Va., for plaintiff/objector.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

Melvin R. Zimm, Glasser and Glasser, Norfolk, Va., for Commerce Bank.

### OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes before this Court as a case of first impression. Does a real estate agent have a mere claim for its contracted fee? The debtor has filed an application

for authority to sell property pursuant to 11 U.S.C. § 363 and to distribute the proceeds. Advantage Realty (hereinafter "Re–Max") objects to the sale and proposed distribution of the proceeds, unless there is provision for payment of its fee.

On August 10, 1989, Zeims (the purchaser) entered into a contract with the debtor for the purchase of certain real estate and for the construction of a residence thereon. The sale price was $163,480.00. Re–Max was a party to the negotiation and execution of the contract from the beginning and continues to monitor the construction of the home and the status of the contract. It is undisputed that Re–Max was the sole procuring cause of the contract between the debtor and the purchaser and that the debtor agreed in the contract to pay Re–Max a commission of $6,016.06 upon the satisfactory completion of the house and the closing of the contract. On January 18, 1990, the debtor and Zeims entered into a Buyer's Possession Agreement, to which Re–Max is a party, and which is an addendum to the original sales contract.

On December 21, 1989, the debtor filed for bankruptcy under Chapter 11. The debtor's application for authority to sell the subject property was filed on February 13, 1990, and the terms and conditions of the sale appear to be identical to the original sales contract between the debtor and Zeims. The one exception is that *the debtor* seeks approval of the sale without payment to Re–Max of any commission as stated in the original contract. Re–Max objects to the approval of the application, counsel arguing that the debtor is, in fact, assuming the original sales contract. Debtor's counsel argues that the original sales contract is not executory and, therefore, not subject to assumption or rejection.

The issue before the Court is to determine whether the original sales contract with its commission provision intact is enforceable as an assumed executory contract rather than as a pre-petition claim. The Court must first decide if the original sales contract is, in fact, an executory contract. 11 U.S.C. § 365(a) provides that a contract is executory if performance is due

to some extent on both sides. *NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984). The Fourth Circuit has adopted Professor Vern Countryman's more specific test for determining what constitutes "executory." According to that test, a contract is executory if the " 'obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other.' " *Gloria Manufacturing Corp. v. International Ladies' Garment Workers' Union,* 734 F.2d 1020, 1022 (4th Cir.1984) (quoting Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L. Rev. 439, 460 (1973)). This Court finds this to be the standard by which this contract is to be judged to determine if it is executory.

The debtor, by counsel, argues that the sales contract is not executory as to the commission agreement because Re–Max has fully performed its obligation under the contract. In support of its position, the debtor cites *In re Munple, Ltd.,* 868 F.2d 1129, 1131 (9th Cir.1989), in which the Ninth Circuit held that a commission agreement in a land sale contract, even though integral to the sales agreement, was not executory and, therefore, not assumed with the sales agreement. The Court found that the brokerage firm had no material obligation remaining to be performed under the sales agreement. The debtor further argues that the commission agreement is different and independent from the sales contract in that it is between the bankrupt and the realty agency whereas the sales contract is between the bankrupt and the purchaser, Zeims. *In re Murtishi,* 55 B.R. 564, 566 (Bankr.N.D.Ill.1985). The debtor argues that, even if the Court finds that the sales contract is executory and assumed, the commission agreement is severable as non-executory. *In re Moskovic,* 77 B.R. 421, 423 (Bankr.S.D.N.Y.1987). Accordingly, the debtor alleges that any commission due Re–Max under the sales contract is an unsecured claim against the debtor's estate.

Re–Max argues that the sales agreement is executory and that the responsibilities and obligations of Re–Max are integrally a part of the conclusion of the sale. Re–Max points to the execution during bankruptcy of the Buyer Possession Agreement and its continuing involvement in the sale as evidence of the executory nature and integral character of the commission agreement.

Upon consideration of the evidence, the Court finds the arguments of debtor's counsel unpersuasive. The cases cited by the debtor are distinguishable on the facts and, therefore, not binding on this Court. The debtor alleges that Re–Max fully performed its obligations under the sales contract before the debtor filed for bankruptcy, therefore, making the sales contract non-executory as to Re–Max. The Court finds otherwise.

First, the Court holds that the original sales contract between the debtor and Zeims meets the standard of the Fourth Circuit and is, in fact, an executory contract. The Court further holds that, while the debtor has not formally assumed the contract, the debtor has assumed it by its words and deeds. *Brown v. Presbyterian Ministers Fund*, 484 F.2d 998, 1007 (3d Cir.1973). It is undisputed that the terms of the debtor's application follow the terms of the original sales contract in close detail except for the lack of any provision for commission to be paid to Re–Max. [The Court notes that neither party has offered the actual sales contract into evidence. The Court accepts that the contract is a standard real estate sale and construction contract.]

Second, it is well settled law that a debtor in possession cannot assume the benefits of an executory contract without assuming its burdens as well. *Schokbeton Industries, Inc. v. Schokbeton Products Corp.*, 466 F.2d 171, 175 (5th Cir.1972). The Court, accordingly, holds that the sales contract is assumed in its entirety. Any provision in the original contract which provided for the payment of a commission to Re–Max is, accordingly, assumed with the entire contract, provided that the provision is found to be executory.

Third, the Court finds that Re–Max had not fully performed its obligations at the time the debtor filed for bankruptcy. Re–Max was still obligated to nurse the sale through, oversee the completion of the construction of the house and attend to other details. This sales contract involved more than the transfer of an existing house and lot and it is obvious that the debtor relied on Re–Max for more than the simple detail of providing a ready, willing and able buyer. More than just the payment of money was left to be performed. This is further evidenced by the fact that the debtor looked to Re–Max to draft the Buyer's Possession Agreement. The fact that the debtor looked to Re–Max for assistance in the procurement of this agreement is sufficient to revise the contractual relationship between the debtor and Re–Max and to support the finding of this Court that Re–Max still had material obligations to fulfill under the sales contract. Accordingly, the Court holds that the commission agreement is executory and fully assumable as part of the original sale contract.

The Court sustains the objection of Re–Max/Advantage Realty and denies the application for authority to sell real property. The Court further orders that any sales transfer of the subject property obligates the debtor to pay Re–Max the commission, as stated, from the proceeds of the sale.

IT IS SO ORDERED.